IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-14-1H

UNITED STATES OF AMERICA,     )
                       )
                       )
                       )
     v.                )
                       )       **ORDER**
                       )
DON ANTONIO FLOURNOY,      )
                       )
     Defendant.        )
                       )

     This matter is before the court on defendant's motion, through counsel, for compassionate release [DE #61] as well as defendant's motion to seal [DE #62].  The government has responded, and this matter is ripe for adjudication.  For good cause shown, the motion to seal [DE #62] is GRANTED.

     Defendant is in custody serving a six months' term of imprisonment for violating his supervised release less than one year after being released from a lengthy prison term.  He seeks compassionate release based on the COVID-19 outbreak and the health conditions he has which he claims put him at a particular risk of complications due to COVID-19.

On December 21, 2018, President Trump signed the First Step Act into law. Among the many criminal justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge with jurisdiction to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the defendant has exhausted his administrative remedies.

Title 18 U.S.C. § 3582(c) now provides as follows:

**(c) Modification of an imposed term of imprisonment.**-- The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case--

**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any

2

other person or the community, as provided under
section 3142(g);

and that such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission;
and

**(B)** the court may modify an imposed term of imprisonment
to the extent otherwise expressly permitted by statute
or by Rule 35 of the Federal Rules of Criminal Procedure;
and

18 U.S.C. § 3582.


 A defendant who seeks compassionate release under 18 U.S.C.

§ 3582(c) bears the burden of establishing that such relief is

warranted. United States v. Mangarella, No. 3:06-cr-151, 2020 WL

1291835, at *2 (W.D.N.C. Mar. 16, 2020); United States v.

Mattingly, No. 6:15-cr-5, 2020 WL 974874, at *2 (W.D.Va. Feb.

28, 2020). "Rehabilitation of the defendant alone shall not be

considered an extraordinary and compelling reason." 28 U.S.C. §

994(t). Moreover, "a compassionate release . . . is an

extraordinary and rare event." Mangarella, at *2 (quoting White

v. United States, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019)).

 Even if the court were to deem defendant to have exhausted

his administrative remedies, the court, having carefully

considered all the circumstances in this matter, finds defendant

has not shown extraordinary and compelling reasons for

compassionate release.  Therefore, this matter is DENIED [DE #61].

The motion to seal [DE #62] is GRANTED.  The court notes defendant

is scheduled to be released on July 29, 2020.

This __14th__ day of July 2020.


_____
Malcolm J. Howard
Senior United States District Judge


At Greenville, NC
#26